1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

### EASTERN DISTRICT OF CALIFORNIA

10

11

| | |
|---|---|
| TREMAYNE CARROLL, | Case No.  1:22-cv-00363-BAM (PC) |
| Plaintiff, | ORDER DENYING MOTION TO APPOINT COUNSEL |
| v. | (ECF No. 8) |
| CDCR, *et al.*, | |
| Defendants. | |

12

13

14

15

16

17        Plaintiff Tremayne Carroll ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

18   *pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

19        Currently before the Court is Plaintiff's filing, titled "Petition for Preliminary Injunctive

20   Relief, Temporary Restraining Order, Appointment of Counsel, Civil/Human Rights Violations

21   U.S. 1983," filed April 4, 2022.  (ECF No. 8.)  In the motion, Plaintiff states that she and Inmates

22   Mitchell and Williams[1] are ADA (permanent wheelchair bound) inmate/patients in CCWF/CDCR

23   mental health delivery system at CCCMS level of care housed in a medical unit.  Plaintiff is a

24   SB132 person,[2] and in discrimination for Plaintiff being SB132, hearing/mobility/vision

25

26   _____

[1] Plaintiff also purports to name Inmates Mitchell and Williams and plaintiffs in this action.  However, the Court notes that only Plaintiff has signed any of the pleadings or motions filed in this action, and only Plaintiff has submitted an application to proceed *in forma pauperis*.

27

28   [2] It appears Plaintiff is referring to California Senate Bill No. 132, also known as "The Transgender Respect, Agency, and Dignity Act," codified at Cal. Penal Code §§ 2605, 2606 (West 2021).

1   impaired, and in retaliation for reporting being the victim of employee sexual misconduct, for

2   successfully settling a lawsuit regarding an incident at RJD (R.J. Donovan Correctional Facility)

3   that resulted in RJD and 5 other prisons having to wear body-cams, Plaintiff alleges that staff

4   have continued to attack her with falsified RVRs to prevent parole suitability and have ordered,

5   employed, and threatened other inmates to physically, verbally, and socially attack Plaintiff.

6   Plaintiff alleges that Inmate J. Doe physically and verbally attacked Plaintiff and Inmates

7   Mitchell and Williams on several occasions, and bragging that staff ordered it.  Plaintiff claims

8   that CDCR, the CCWF Warden, and CCWF employees John Doe(s) 1–50, in their individual and

9   professional capacities violated the rights of Plaintiff and Inmates Mitchell and Williams.

10  Plaintiff requests appointment of counsel to obtain documents, video footage, and witnesses, and

11  seeks monetary damages from Defendants.  (*Id.*)

12      Upon review of the filing, the Court finds that although it is titled as a motion for

13  preliminary injunction and temporary restraining order, the only relief requested is for

14  appointment of counsel and monetary damages.  The Court will therefore decide the motion as a

15  motion for appointment of counsel only.

16      Plaintiff is informed that she does not have a constitutional right to appointed counsel in

17  this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other*

18  *grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to

19  represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist.*

20  *of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may

21  request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at

22  1525.

23      Without a reasonable method of securing and compensating counsel, the Court will seek

24  volunteer counsel only in the most serious and exceptional cases.  In determining whether

25  "exceptional circumstances exist, a district court must evaluate both the likelihood of success on

26  the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

27  complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

28  ///

1    The Court has considered Plaintiff's request, but does not find the required exceptional

2    circumstances.  Even if it is assumed that Plaintiff has made serious allegations which, if proved,

3    would entitle her to relief, her case is not exceptional.  This Court is faced with similar cases filed

4    almost daily by prisoners who are proceeding *pro se* who must obtain documents, video footage,

5    and witness testimony.  These litigants also must litigate their cases without the assistance of

6    counsel.

7        Furthermore, at this stage in the proceedings, the Court cannot make a determination that

8    Plaintiff is likely to succeed on the merits.  Plaintiff's complaint has not yet been screened, and

9    therefore the Court cannot evaluate the likelihood of success on the merits.  Finally, based on a

10   review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate

11   her claims.

12       Accordingly, Plaintiff's motion to appoint counsel, (ECF No. 8), is HEREBY DENIED,

13   without prejudice.

14

15   IT IS SO ORDERED.

16   Dated:   **April 6, 2022**                          /s/ *Barbara A. McAuliffe*

17                                              UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28