# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAYNE CARROLL, <br><br>        Plaintiff, <br><br>    v. <br><br> CDCR, *et al.*, <br><br>        Defendants. | Case No. 1:22-cv-00363-BAM (PC) <br><br> ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION <br><br> FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR PERMANENT AND PRELIMINARY INJUNCTION <br><br> (ECF No. 10) <br><br> **FOURTEEN (14) DAY DEADLINE** |

**I.     Introduction**

Plaintiff Tremayne Carroll ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this action filed pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint has not yet been screened.

**II.    Motion for Preliminary Injunction and Temporary Restraining Order**

On April 14, 2022, Plaintiff filed a document titled, "Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order," which the Court construes as a motion for preliminary injunction and temporary restraining order.  (ECF No. 10.)  In her motion, Plaintiff requests a preliminary injunction issue enjoining the defendants, their successors in

1

office, agents and employees and all other persons acting in concert and participation with them from working as employees of the state until the conclusion of these matters; CCWF Warden, Chief Deputy Warden, Facility B Associate Warden, PREA Compliance Manager and OIA from 12/05/21–03/03/22, Facility B Captain/Lt./Sgt.(s) [John/Jane Doe(s)], Facility B Yard Staff (Jane/John Does), Facility B 505 Staff (Jane/John Does), C/O Muslah, C/O Martinez, C/O Hopkins and all other "green wall" members and staff with complaints regarding PREA, racism, sexism, discrimination, retaliation, to be suspended without pay until the conclusion of these matters. Plaintiff further requests that effective immediately and pending a hearing and determination of an order to show cause, the defendants (CCWF staff, Jane/John Doe(s)) and each of their officers, agents, employers, and all other persons acting in concert (green wall/brown wall) or participation with them, are restrained from sight or sound contact with plaintiffs.[1] Plaintiff further appears to request a transfer from CCWF to CIW. (*Id.*)

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id.* at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find

---

[1] In prior pleadings, Plaintiff purports to name Inmates Mitchell and Williams as plaintiffs in this action. However, the Court notes that only Plaintiff Carroll has signed any of the pleadings or motions filed in this action, and only Plaintiff Carroll has submitted an application to proceed *in forma pauperis*.

the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

Plaintiff has not met the requirements for the injunctive relief she seeks in this motion. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

As Plaintiff's complaint has not yet been screened, the Court cannot find that Plaintiff has shown a likelihood of success on the merits. In addition, no defendant has been ordered served, and no defendant has yet made an appearance. Thus, the Court at this time lacks personal jurisdiction over Defendants or any other staff at CDCR or CCWF.

Furthermore, the relief requested is not narrowly drawn. Pursuant to the Prison Litigation Reform Act, any relief granted must be "narrowly drawn, extend[] no further than necessary to correct the violation of the Federal right, and [be] the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). Plaintiff has requested relief that extends to her transfer to another facility and employment decisions regarding individuals who are not parties to this action. This relief is not narrowly drawn to address the violations alleged in this action, and cannot be granted.

///

///

### III. Order and Recommendation

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that Plaintiff's motion for permanent and preliminary injunction, (ECF No. 10), be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 19, 2022**              /s/ Barbara A. McAuliffe
                                         UNITED STATES MAGISTRATE JUDGE

4