# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAYNE CARROLL,<br><br>            Plaintiff,<br><br>     v.<br><br>CDCR, *et al.*,<br><br>            Defendants. | Case No. 1:22-cv-00363-JLT-BAM (PC)<br><br>ORDER CONSTRUING OBJECTIONS AS MOTION FOR EXTENSION OF TIME<br>(ECF No. 22)<br><br>ORDER GRANTING IN PART MOTION FOR EXTENSION OF TIME<br>(ECF No. 18)<br><br>**FORTY-FIVE (45) DAY DEADLINE**<br><br>ORDER DIRECTING CLERK OF COURT TO RE-SERVE FEBRUARY 17, 2023 ORDER<br>(ECF No. 19) |

## I.     Procedural Background

Plaintiff Tremayne Carroll ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On January 27, 2023, the Court screened the first amended complaint and directed Plaintiff to either file a second amended complaint or notify the Court of her willingness to proceed on the cognizable claims identified by the Court. (ECF No. 17.) Plaintiff's second amended complaint or notice to the Court was therefore due on or before March 1, 2023. (*Id.*)

On February 16, 2023, Plaintiff filed a document titled "Temporary Restraining Order (60) Day Extension, Filing Fee, Appointment of Counsel." (ECF No. 18.) Following review of

1

1  the document, the Court found that the only relief requested was for appointment of counsel and
2  an extension of time for an undetermined deadline.  (ECF No. 19.)  The Court then denied the
3  request for counsel without prejudice and granted in part the request for extension of time, finding
4  it appropriate to grant Plaintiff a thirty-day extension of time to file a second amended complaint
5  or a notice that she wishes to proceed on the cognizable claims in the first amended complaint.
6  (*Id.*)  Plaintiff's response was therefore due on or before March 22, 2023.

## II.  Plaintiff's Objections

On March 15, 2023, Plaintiff filed "Objection(s) to Courts Ruling, Extension of Time (90) Days, Appointment of Counsel, Reconsideration of TRO."  (ECF No. 20.)  Plaintiff purportedly attempts to file this document on behalf of herself and other plaintiffs in multiple case numbers.[1]  Plaintiff argues that the various plaintiffs' rights have been violated in the identified case numbers, and their lives are in danger.  Plaintiff appears to request consolidation of the actions and appointment of counsel to represent all plaintiffs in that action.  Plaintiff further alleges that on March 8, 2023, CCWF staff attempted to hand her mail for these case numbers, with a February 24, 2023 date on the form, but she refused to sign or accept the mail because delayed mail is one of the ways CCWF is attempting to circumvent due process and access to courts.  Plaintiff argues that this is one reason for appointment of counsel and a TRO like the one issued in *Armstrong v. Newsom*.  Plaintiff requests a ninety-day extension based on the mail delay.  (*Id.*)

On April 11, 2023, Plaintiff filed "Objections to Courts Ruling/Recommendations, Reconsider, Extension of Time, Appointment of Counsel."  (ECF No. 22.)  Plaintiff again contends that CCWF/CDCR has routinely brought legal mail to her two to three weeks after the date(s) on the form state for her to sign, causing her to refuse the mail.  Plaintiff again requests a ninety-day extension of time to file her amended complaint, and attaches a copy of her March 15, 2023 filing.  (*Id.*)

To the extent Plaintiff is requesting to relate the listed cases and consolidate them into a single action, the request is denied.  Plaintiff has not complied with the requirements of Local

---

[1] Plaintiff lists the following additional actions: (1) *Carroll v. Vallejo Police Dep't*, Case No. 1:23-cv-00004-JLT-GSA; (2) *Carroll v. CDCR*, Case No. 1:23-cv-00005-JLT-SAB; and (3) *Carroll v. Newsom*, Case No. 1:23-cv-00224-ADA-HBK.

2

1 Rule 123, nor has she made the showing required to relate the above-listed actions.

2 To the extent Plaintiff renews her requests for temporary restraining order and for appointment of counsel, those requests are denied for the reasons explained in the Court's February 17, 2023 order. (ECF No. 19.) Specifically, Plaintiff has not requested any particular relief connected with the request for a temporary restraining order, and therefore has presented no grounds to support reconsideration of the Court's earlier finding. Plaintiff has also failed to present new information or evidence that would support reconsideration of the request for appointment of counsel. In light of Plaintiff's allegation that she has routinely refused to accept the Court's orders by mail, the Court will make a one-time exception and direct the Clerk of the Court to re-serve the February 17, 2023 order.

With respect to Plaintiff's request for a further extension of time to file a second amended complaint or notify the Court of her willingness to proceed on the cognizable claims in the first amended complaint, the Court finds good cause to grant the request, in part. However, Plaintiff is admonished that while receiving the Court's orders late provides good cause for an extension of an applicable deadline, **Plaintiff's own refusal to accept the Court's orders by mail, even when delivered late, does not provide good cause for extending deadlines in this action.** While Plaintiff may inform the Court when legal mail for this action is not delivered with enough time for her to comply with the Court's deadlines, and to seek appropriate extensions of time, the Court will not provide further extensions of time merely because Plaintiff decides not to sign for her own legal mail. Accordingly, the Court finds that an extension of forty-five days, rather than ninety, is appropriate under the circumstances.

Plaintiff is warned that further extensions of this deadline will be subject to a narrow interpretation of what constitutes good cause.

### III. Order

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's April 11, 2023 objections, (ECF No. 22), are CONSTRUED as a motion for extension of time;
2. Plaintiff's motion for extension of time, (ECF No. 22), is GRANTED IN PART;

3. The Clerk's Office shall send Plaintiff a copy of the Court's February 17, 2023 order, (ECF No. 19);

4. The Clerk's Office shall send Plaintiff a complaint form;

5. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:

    a. File a second amended complaint, **not to exceed twenty-five (25) pages in length**, curing the deficiencies identified by the Court's January 27, 2023 screening order (or file a notice of voluntary dismissal); or

    b. Notify the Court in writing that she does not wish to file a second amended complaint and she is willing to proceed only on her claims against: (1) Defendant Haynes for retaliation in violation of the First Amendment; (2) Defendant Haynes for excessive force in violation of the Eighth Amendment; and (3) Defendants Villanueva, Doe 1, and Doe 2 for failure to protect in violation of the Eighth Amendment; and

6. **If Plaintiff fails to comply with this order, the Court will recommend dismissal of this action, without prejudice, for failure to obey a court order and for failure to prosecute.**

IT IS SO ORDERED.

Dated:   **May 2, 2023**                         /s/ Barbara A. McAuliffe           _
                                                UNITED STATES MAGISTRATE JUDGE