# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAINE CARROLL,<br><br>         Plaintiff,<br><br>    v.<br><br>CDCR, *et al.*,<br><br>         Defendants. | Case No. 1:22-cv-00363-JLT-BAM (PC)<br><br>ORDER GRANTING IN PART REQUEST FOR EXTENSION OF TIME TO FILE OBJECTIONS TO FINDINGS AND RECOMMENDATIONS<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF Nos. 25, 26)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Tremaine Carroll ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On January 27, 2023, the Court screened the first amended complaint and directed Plaintiff to either file a second amended complaint or notify the Court of her willingness to proceed on the cognizable claims identified by the Court. (ECF No. 17.) The Court expressly warned Plaintiff that her failure to comply with the Court's order would result in dismissal of this action, without prejudice, for failure to obey a court order and for failure to prosecute. (*Id.* at 14.) Following two extensions of time, the deadline for Plaintiff to file an amended complaint or a notice of her willingness to proceed on the cognizable claims identified expired and Plaintiff failed to respond to the Court's orders.

1

1    Accordingly, on June 21, 2023, the Court issued findings and recommendations
2 recommending that this action be dismissed, without prejudice, for failure to obey court orders
3 and failure to prosecute.  (ECF No. 24.)  Those findings and recommendations were served on
4 Plaintiff and she was advised that any objections were to be filed within fourteen (14) days.  (*Id.*)

5    On June 28, 2023, Plaintiff filed what appeared to be objections to the Court's findings
6 and recommendations, a request for a ninety-day extension of time, and an assertion that Plaintiff
7 is represented by private counsel in another action and potentially will be represented by the same
8 counsel in this action.  (ECF No. 25.)  However, the filing references other inmate plaintiffs who
9 are not parties to this action, is dated June 6, 2023 (several weeks before the findings and
10 recommendations were issued), and includes exhibits which are not related to this action.  (*Id.*)

11    On July 12, 2023, Plaintiff filed another document, which contends that Plaintiff's
12 objections/requests for time extension/appoint of counsel was placed in the mail on June 12,
13 2023, asserts that CCWF is continuing to attempt to circumvent Plaintiff's due process rights and
14 access to the courts by delivering incoming legal mail late and sending outgoing legal mail late,
15 which all warrants appointment of counsel.  (ECF No. 26.)

16    The Court construes the two filings as requests for extension of time to file objections to
17 the findings and recommendations and requests for appointment of counsel.

18    Having considered the request for extension of time, particularly Plaintiff's assertions that
19 she continues to receive legal mail late, the Court finds good cause to grant, in part, Plaintiff's
20 motion for an extension of time to file her objections to the findings and recommendations.  The
21 Court finds that an extension of thirty days, rather than ninety, is appropriate under the
22 circumstances.

23    With respect to the request for counsel, as Plaintiff has been informed, she does not have a
24 constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525
25 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the
26 court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).
27 *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  However, in
28 certain exceptional circumstances the court may request the voluntary assistance of counsel

pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that she has made serious allegations which, if proved, would entitle her to relief, her case is not exceptional. This Court is faced with similar cases filed by prisoners proceeding *pro se* and *in forma pauperis* almost daily. These prisoners also must conduct legal research and prosecute claims without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Although the Court screened Plaintiff's first amended complaint and found that it stated some cognizable claims, Plaintiff has not informed the Court whether she wishes to proceed on those claims or file a second amended complaint. Indeed, Plaintiff has failed to obey the Court's orders to do so. Thus, the case does not yet proceed on any cognizable claims. Also, based on a review of the limited record in this case, the Court does not find that Plaintiff cannot adequately articulate her claims without the assistance of counsel.

To the extent Plaintiff is now represented by counsel in the instant action, Plaintiff should request that her attorney file a notice of appearance in this case. Unless a notice of appearance is filed, Plaintiff will continue to proceed *pro se* in this action.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motions for an extension of time to file objections to the pending findings and recommendations, (ECF Nos. 25, 26), are GRANTED IN PART;
2. Plaintiff's motions for appointment of counsel, (ECF Nos. 25, 26), are DENIED, without prejudice; and

///

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file her objections to the June 21, 2023 findings and recommendations.

IT IS SO ORDERED.

Dated:   **July 12, 2023**                    /s/ Barbara A. McAuliffe            _
                                                                  UNITED STATES MAGISTRATE JUDGE