1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREMAINE CARROLL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CDCR, *et al.*,<br><br>　　　　　Defendants. | No.  1:22-cv-0363 JLT BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. 30) |

On August 30, 2023, the Court dismissed this action without prejudice due to Plaintiff's failure to prosecute and failure to obey the Court's order. (Doc. 28.) Judgment was entered on the same date. (Doc. 29.)

On November 20, 2023, Plaintiff filed a motion for reconsideration of the order granting the request to proceed *in forma pauperis* and ordering 20 percent of Plaintiff's prison trust account each month the amount exceeded $10.00 to be paid to the Clerk of Court. (Doc. 30 at 1-2; *see also* Doc. 7 at 2-3.) In addition, Plaintiff renews a request for injunctive relief, seeking a Court order to prevent stay at CCWF from acting in a retaliatory manner. (*Id.* at 2.) Finally, the caption includes a request for an "extension of time," though Plaintiff does not identify for what an extension is necessary. (*Id.* at 1; *see generally* Doc. 30.)

Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e).  *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir.

1

1985) (discussing reconsideration of summary judgment); *see also Schroeder v. McDonald*, 55 F.3d 454, 458–59 (9th Cir. 1995). The motion must be filed no later than twenty-eight (28) days after entry of the judgment. *See* Fed. R. Civ. P. 59(e). Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015 (1988); *see also 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *accord Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). Additionally, pursuant to this court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Even assuming Plaintiff's motion was timely under Rule 59(e), the motion does not provide any basis for overturning the Court's judgment. Plaintiff states that she is indigent and believes she is supposed to be represented by counsel in several different matters before this Court. Further, Plaintiff reiterates that she does not have money to pay for the filing fee in this action. (Doc. 30.)

Significantly, Plaintiff's motion does not address the dismissal of the action, or the findings of the Court resulting in the dismissal. Her ability—or inability—to pay the filing fee is not relevant. Rather, Plaintiff failed to prosecute this action, despite being provided with multiple opportunities and extensions of time. Even after the magistrate judge recommended dismissal of the action, Plaintiff failed to comply with the Court's order or file objections. No attorney has

appeared to represent Plaintiff in this action, and therefore it was Plaintiff's responsibility to timely respond to the Court's orders.  Plaintiff does not identify any change in controlling law, new evidence previously unavailable to her, or need to correct clear error or manifest injustice.  In addition, Plaintiff continues to fail to explain her failure to respond to the Court's order and failure to prosecute this action.  Therefore, the Court finds no grounds to reconsider its final order and judgment dismissing this action.

Based upon the foregoing, the Court **ORDERS**: Plaintiff's motion for reconsideration (Doc. 30) is **DENIED**, and this action remains closed.

IT IS SO ORDERED.

Dated:   **December 1, 2023**                             /s/ Jennifer L. Thurston
                                                                        UNITED STATES DISTRICT JUDGE